IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Bernardino Cuevas,<br>*Plaintiff*<br><br>v.<br><br>Thomas Wayne Gage, Sheriff of Montgomery County; and<br><br>Montgomery County,<br>*Defendants* | Civil number 4:14-cv-2478<br>**Jury**<br><br>ORIGINAL COMPLAINT<br>(Civil Rights: Unlawful Seizure, Due Process, False Imprisonment)<br>42 U.S.C. § 1983 |

## I. Jurisdiction

1. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343, and Article III of the United States Constitution, as Plaintiff seeks redress of deprivations to his civil rights secured by the United States Constitution.

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of claims based on Texas law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## II. Parties

3. Bernardino Cuevas, Plaintiff, is a resident of Texas.

4. Montgomery County, Defendant, is a county government and a political subdivision of the State of Texas.

5. Thomas Wayne Gage, Defendant, is a resident of Texas.

## III. Factual Allegations

6. Thomas Wayne Gage ("Gage") is the Sheriff of Montgomery County, Texas, and operates the Montgomery County Jail.

7. Gage has custody and control of all persons confined in the Montgomery County Jail and is responsible for the day-to-day operations of the Montgomery County Jail.

8. On or about July 28, 2014, Bernardino Cuevas ("Cuevas") was booked into the Montgomery County on a warrantless arrest for driving while intoxicated.

9. While incarcerated in the Montgomery County Jail, the United States Department of Homeland Security ("DHS") issued an "I-247" form that identified Cuevas and requested that the Sheriff detain Cuevas for a period of up to 48 hours, excluding holidays and weekends, past the time he would have otherwise been released, to allow federal officers to retrieve Cuevas.

10. No authority other than DHS made any request for Montgomery County or Gage to detain Cuevas after the period when he otherwise would have been released.

11. On or about August 20, 2014, the District Attorney of Montgomery County made a written motion to dismiss the only charge against Cuevas.

12. The judge of County Court at Law Number Four of Montgomery County, Texas, signed an order dismissing the case against Cuevas on or about August 20, 2014.

13. As of August 20, 2014, no criminal charges in Montgomery County, Texas were pending against Cuevas.

14. Defendants Gage and Montgomery County continued to confine Cuevas after he otherwise would have been released because the charged against him were dismissed.

15. Cuevas inquired to jail staff about why he had not been released, and was told by an employee of Montgomery County and Gage that the policy of the jail was to keep all individuals for whom an I-247 had been lodged for up to five days.

16. On August 26, 2014, counsel for Cuevas faxed a letter to Gage informing him that Cuevas was being held unlawfully.

17. Cuevas is still, as of August 27, 2014, incarcerated in the Montgomery County Jail, under the control of both Defendants.

18. Defendant Gage intentionally continued to confine Cuevas after he otherwise would have been released, and then continued to hold him after the 48-hour period requested in the I-247.

19. Defendant Montgomery County has a policy, practice, and custom of unlawfully detaining individuals for whom I-247 requests were made, even beyond 48 hours from when those individuals would have been otherwise been released.

20. Neither Gage nor Montgomery County provided Cuevas any opportunity or process to challenge his continued detention based solely on the immigration detainer.

21. Defendants have a policy, practice, or custom of detaining inmates, solely due to the existence of an immigration detainer, who would otherwise be released because their criminal matter has been resolved and they are entitled to release.

22. Because of Defendants'' unlawful actions, Cuevas has suffered loss of liberty, loss of enjoyment of life, humiliation, mental

suffering, emotional distress, stress, and other non-economic losses in an amount to be determined at the time of trial.

## IV. Claims for Relief

### First Claim—Fourteenth Amendment (Due Process): 42 U.S.C. § 1983

23. Without any basis in state law Defendant detained Cuevas without any opportunity to be released solely due to the existence of an immigration detainer, thus depriving Cuevas of his liberty without the due process of law.

### Second Claim—Fourth Amendment (Unlawful Seizure): 42 U.S.C. §1983

24. Defendant detained Plaintiff without any basis in state law after his criminal matter had been resolved and solely on the basis of the immigration detainer, thus depriving her of his liberty.

### Third Claim—Injunctive Relief: 42 U.S.C. § 1983

25. Plaintiff requests an injunction ordering Gage and Montgomery County to cease at once the unlawful detention and release Cuevas from the Montgomery County Jail.

## V. Prayer for Relief

Plaintiff demands a jury trial, and respectfully requests that the Court grant him the following relief:

26. On his first claim, his compensatory damages in an amount to be determined at the time of trial;

27. On his second claim, his compensatory damages in an amount to be determined at the time of trial;

28. On his third claim, injunctive relief ordering Gage to immediately cease the unlawful confinement of Cuevas;

29. His costs and attorney fees pursuant to 42 U.S.C. § 1988; and

30. Such other and further relief as this Court deems just and proper.

Respectfully,

_____
Franklin Bynum
fgb@lawfgb.com
*Attorney in Charge*
Texas Bar Number 24069451
Federal Bar Number 987200

Bynum Law Office PLLC
2814 Hamilton Street
Houston, Texas 77004
Telephone: (713) 343-8844
Facsimile:  (713) 529-9251