IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Bernardino Cuevas, *Plaintiff* v. Thomas Wayne Gage, Sheriff of Montgomery County; and Montgomery County, *Defendants* | Civil number 4:14-cv-2478 |

## Agreed Joint Discovery Control/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   *The meeting was held by phone on the morning of November 24, and was between Franklin Bynum for the Plaintiff and Daniel Plake for the Defendants.*

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   *No other related cases are pending.*

3.  Briefly describe what this case is about.

    *The Plaintiff was confined in the Montgomery County Jail while awaiting trial for a misdemeanor criminal offense. The charge against him was dismissed, but he was not immediately released. Plaintiff alleges that the additional days of confinement were due to policies and procedures of Defendants that violated the Plaintiff's constitutional rights.*

4.  Specify the allegation of federal jurisdiction.

    *This case raises a federal question. Plaintiff alleges federal jurisdiction under 28 U.S.C. §§ 1331 and 1343.*

5.  Name the parties who disagree and the reasons.

    *Defendants agreed with the Plaintiff's jurisdictional allegation in their answer.*

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    *No additional parties are anticipated.*

7.  List anticipated interventions.

    *There are no anticipated interventions.*

8.  Describe class-action issues.

    *No class action issues exist at this time.*

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    *Plaintiff made 26(a) disclosures on November 24, 2014.*

*Defendants' disclosures will be provided by the December 8, 2014 deadline.*

10. Describe the proposed agreed discovery plan.

    1. Responses to all the matters raised in Rule 26(f).

        *Discovery is necessary to identify the people and processes that caused Plaintiff to be detained after his criminal case was dismissed.*

        *No issues regarding electronic data exist. No changes to standard discovery practices are necessary.*

    2. When and to whom the plaintiff anticipates it may send interrogatories.

        *Plaintiff anticipates sending interrogatories to Defendant Montgomery County in January of 2015.*

    3. When and to whom the defendant anticipates it may send interrogatories.

        *Defendants anticipate sending interrogatories to the Plaintiff.*

    4. Of whom and by when the plaintiff anticipates taking oral depositions.

        *Plaintiff anticipates taking oral depositions of employees of the Montgomery County Sheriff (who have not yet been identified) who were personally involved in the detention of Plaintiff. Because Plaintiff anticipates that these employees will be identified through interrogatories, then noticed for depositions, depositions will not likely take place until the Spring of 2015.*

    5. Of whom and by when the defendant anticipates taking oral depositions.

*Defendants anticipate taking Plaintiff's deposition and the deposition of any experts disclosed by Plaintiff, within the discovery period.*

6. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   *Plaintiff should be able to designate any experts by April 1, 2015.*

7. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   *Plaintiff does not anticipate any expert depositions at this time.*

8. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   *Defendants anticipate taking the deposition of all of Plaintiff's disclosed experts within 15 days of receiving their report(s).*

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    *The parties are in agreement on the discovery plan.*

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    *No discovery beyond initial disclosures has been made.*

13. State the date the planned discovery can reasonably be completed.

    *Discovery can reasonably be completed by June of 2015.*

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

16. From the attorneys' discussion with the client, state the alternative dispute resolution (ADR) techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    *The parties have discussed settlement. Plaintiff and Defendants are willing to mediate after discovery into the allegations and facts are conducted.*

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    *The Plaintiff does not wish to have a trial before the magistrate.*

18. State whether a jury demand has been made and if it was made on time.

    *Plaintiff made a timely jury demand in his complaint. Defendants made a timely jury demand in their answer.*

19. Specify the number of hours it will take to present the evidence in this case.

    *The parties estimate it will take 18 hours to present evidence in this case.*

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21. List other motions pending.

    *There are no motions pending.*

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    *There is nothing peculiar about this case.*

23. List the names, bar numbers, addresses and telephone numbers of all counsel.
    *Franklin Bynum, for Plaintiff, Federal Bar Number 987200, 2814 Hamilton Street, Houston, Texas 77004, (713) 343-8844*

    *Daniel Plake, Assistant Montgomery County Attorney, for Defendants, Federal Bar Number 918023, 501 North Thompson Street, Suite 300, Conroe, Texas 77301, (936) 529-7828*

    *Stuart Hughes, Assistant Montgomery County Attorney, Texas Bar Number 24041151, Federal Bar Number 1006081, 501 North Thompson, Suite 300, Conroe, Texas 77301, (936) 539-7828, Facsimile: (936) 760-6920, Stuart.Hughes@mctx.org*

        Respectfully,

        /s/ Franklin Bynum
        Franklin Bynum
        fgb@lawfgb.com
        *Attorney in Charge for Plaintiff*
        Texas Bar Number 24069451
        Federal Bar Number 987200

> Bynum Law Office PLLC
> 2814 Hamilton Street
> Houston, Texas 77004
> Phone & Fax: (713) 343-8844

**Certificate of Conference**

On November 24, 2014, I sent Daniel Plake a copy of this document, and he indicated his agreement to me via e-mail.

> /s/ Franklin Bynum
> Franklin Bynum

**Certificate of Service**

On November 27, 2014, I electronically filed this document using the CM/ECF system, and certify that all participants in the case are registered CM/ECF users. Service will be accomplished by the CM/ECF system.

> /s/ Franklin Bynum
> Franklin Bynum